**U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>**
**M<small>IDDLE</small> D<small>ISTRICT OF</small> F<small>LORIDA</small>**
**O<small>CALA</small> D<small>IVISION</small>**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

-vs-                                                     **Case No.  5:10-cr-24-Oc-28GJK**

**ROBERT E. SIMMONS,**

        **Defendant.**

_____

**R<small>EPORT</small> A<small>ND</small> R<small>ECOMMENDATION</small>**

**T<small>O THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>**

**I.**      **BACKGROUND**

On July 14, 2010, Robert E. Simmons ("Defendant") was indicted on one count of knowingly and intentionally manufacturing and possessing with intent to distribute methamphetamine and one count of knowingly and intentionally possessing equipment and chemicals which may be used to manufacture methamphetamine.  Doc. No. 1.

On July 27, 2010, following Defendant's *ore tenus* motion for a mental competency examination, Magistrate Judge Gary R. Jones entered an Order directing that a mental competency examination be conducted pursuant to 18 U.S.C. § 4241 (*see below*). Doc. No. 8. Beginning August 17, 2010, Rodolfo A. Buigas, Ph.D., Forensic Exam Coordinator for the Federal Bureau of Prisons, commenced his examination of the Defendant at the Federal Detention Center in Miami, Florida.  Following the completion of his forensic examination, on

November 8, 2010, Dr. Buigas issued a written report detailing his examination of the Defendant, his findings, opinions and recommendations.

On December 20, 2010, the Court held a competency hearing pursuant Section 4241 to address whether the Defendant is competent to stand trial. Dr. Buigas appeared and testified at the hearing.[1] The Defendant stipulated to Dr. Buigas's qualifications as a medical expert regarding competency. In his report and at the hearing, Dr. Buigas opined that the Defendant is competent to stand trial. More specifically, Dr. Buigas opined that the Defendant understands the nature and consequences of the proceedings against him, and is able to properly assist in his own defense. Defendant did not object to or otherwise contest Dr. Buigas's opinions and offered no evidence other than by cross-examination of Dr. Buigas.

## II.    ANALYSIS

18 U.S.C. § 4241(a) states:

At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, <u>if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense</u>.

18 U.S.C. § 4241(a) (emphasis added). Thus, if there is reasonable cause to believe the Defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court is required to hold a hearing to determine the Defendant's competence. *Id.* "If, after the hearing, the court finds by a preponderance of the

---

[1] Dr. Buigas's curriculum vitae and his November 8, 2010 report regarding the Defendant's competency were admitted in evidence.

evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).

Based on the evidence presented, including the testimony of Dr. Buigas, which the Court finds credible, it is recommended that the Court find Defendant is capable of:

1. Understanding the nature and consequences of the proceedings against him; and
2. Properly assisting in his own defense in this case.

Accordingly, based on a review of the evidence, it is recommended that the Court find by a preponderance of the evidence Defendant is competent to stand trial.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.[2]

**RECOMMENDED** in Orlando, Florida on December 20, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] If neither party objects to this Report and Recommendation, a joint notice of no objection may be filed with the Court.